**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE EDWIN DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0141** |
| **SANDY MCCAINE** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.     Factual and Procedural Background

The petitioner, Clarence Edwin Dixon ("Dixon"), is a convicted inmate housed in the Allen Correctional Center in Kinder, Louisiana.[2]  On February 6, 2015, Dixon and co-defendant, Jenny M. Montecino, were charged by Bill of Information in Jefferson Parish with possession with intent to distribute heroin and possession of cocaine.[3]  Dixon pleaded not guilty on February 9, 2015.[4]

The record reflects that, in January of 2015, Dixon and Montecino for several months had been staying at the Knights Inn Motel on Airline Highway.[5]  They had known each other for about

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 7, Bill of Information, 2/6/15 (amended 9/12/16).

[4]St. Rec. Vol. 1 of 7, Minute Entry, 2/9/15.

[5]The facts are from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Dixon*, 241 So.3d 514, 518-19 (La. App. 5th Cir. 2018); St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 17-KA-422, pp. 1-4, 3/14/18.

nine years and had two sons together.  That morning, she picked up her son from her mother's home and took him to school.  After she returned to the motel, Dixon received multiple telephone calls and the couple prepared to leave to meet "his clients" for heroin and crack sales.

At that same time, Deputy Salvador Provenzano with the Jefferson Parish Sheriff's Office Reserve Task Force and his partner were patrolling the area in a marked police unit.  They noticed a Nissan SUV with an expired registration tag and initiated a traffic stop.  Montecino was driving and Dixon was in the front passenger seat when the officers pulled them over.  Dixon had Montecino stuff the drugs in her pants.

Deputy Provenzano spoke with Montecino and she provided her driver's license and indicated that she did not have registration or insurance for the vehicle.   Deputy Provenzano determined Montecino's driver's license was suspended and that she had several outstanding warrants.  When he asked his partner, who was female, to perform a pat-down search, Montecino willingly turned over the drugs because she was scared and the drugs were not hers.  She also told the officers about a red box containing heroin that was in the motel room, as well as a scale and room deodorizer Dixon used to cut the drugs.

Meanwhile, Deputy Provenzano went to the passenger side of the vehicle where he encountered Dixon, who had a stack of money, $2,568, in his hands that he was trying to hide.  Dixon also had no identification on him and was not truthful in providing his name and Social Security number.  Because Dixon appeared to be a flight risk, Deputy Provenzano placed him in handcuffs for safety purposes and advised him of his *Miranda* rights.  The deputies obtained a search warrant for the hotel room and seized bag with 43 grams of heroin, two bottles of room deodorizer, a digital scale, and Dixon's driver's license.

Dixon's first trial, held August 2 and 3, 2016, ended in a mistrial.[6]  After this, the second count was amended to charge him with possession with intent to distribute cocaine.[7]  On September 13, and 14, 2016, he was tried before a jury, and found guilty as charged of possession with intent to distribute heroin and guilty of the lesser offense of attempted possession of cocaine.[8]  At an October 14, 2016, the state trial court denied Dixon's motions for new trial and post-verdict judgment of acquittal.[9]  After waiver of legal delays, the state trial court sentenced Dixon to serve 50 years in prison on count one without the first 10 years to be served without benefit of parole, probation, or suspension of sentence and two years and six months in prison on count two.[10]  On February 13, 2017, the Court also denied Dixon's motion to reconsider the sentences.[11]

On direct appeal, Dixon's appointed counsel asserted three grounds for relief:[12] (1) the district court erred when it allowed the State to introduce evidence of Dixon's 2010 convictions for simple possession of heroin and cocaine and failed to give contemporaneously a limiting instruction to the jury; (2) the expert testimony of the narcotics agent was not based on professional standards and should have been excluded; (3) the sentences were excessive because the state trial court imposed the maximum and did not consider Dixon's non-violent criminal history.  On March 14, 2018, the Louisiana Fifth Circuit affirmed Dixon's convictions finding no merit in claim one

---

[6]St. Rec. Vol. 1 of 7, Trial Minutes, 8/2/16; Trial Minutes, 8/3/16; St. Rec. Vol. 3 of 7, Trial Transcript, 8/3/16; St. Rec. Vol. 4 of 7, Trial Transcript (continued), 8/3/16.

[7]St. Rec. Vol. 1 of 7, Bill of Information, 2/6/15 (as amended 9/12/16); Minute Entry, 9/12/16.

[8]St. Rec. Vol. 1 of 7, Trial Minutes, 9/13/16; Trial Minutes, 9/14/16; Jury Verdict, 9/14/16; St. Rec. Vol. 4 of 7, Trial Transcript, 9/13/16; Trial Transcript, 9/14/16; St. Rec. Vol. 5 of 7, Trial Transcript (continued), 9/14/16.

[9]St. Rec. Vol. 1 of 7, Sentencing Minutes, 10/14/16; Motion for New Trial, 9/19/16; Motion for Post-Verdict Judgment of Acquittal, 9/19/16; St. Rec. Vol. 5 of 7, Sentencing Transcript, 10/14/16.

[10]St. Rec. Vol. 1 of 7, Sentencing Minutes, 10/14/16; St. Rec. Vol. 5 of 7, Sentencing Transcript, 10/14/16.

[11]St. Rec. Vol. 1 of 7, Minute Entry, 2/13/17; Motion for Reconsideration of Sentence, 1/14/17; St. Rec. Vol. 5 of 7, Hearing Transcript, 2/13/17.

[12]St. Rec. Vol. 5 of 7, Appeal Brief, 2017-KA-0422, 9/18/17.

and claim two was procedurally defaulted for lack of a contemporaneous objection.[13]  The court also found Dixon's excessive sentence claim in part procedurally defaulted and in part meritless. However, in its errors patent review, the Court amended the parole restriction on the 50 year sentence for count one and affirmed it as amended.  In addition, the Court vacating the 18 month sentence for count two as impermissibly indeterminate, because the state trial court failed to indicate whether it was to be served at hard labor.  The Court, therefore, remanded the matter for resentencing on count two and correction of the commitment order.

On April 4, 2018, the Louisiana Fifth Circuit also denied as untimely the application for rehearing filed by Dixon's counsel.[14]  On May 11, 2018, the state trial court resentenced Dixon on count two to serve two years and six months in prison at hard labor.[15]

On February 11, 2019, the Louisiana Supreme Court denied without stated reasons the writ application filed by Dixon's counsel.[16]  His convictions and sentences were final ninety (90) days later, on Monday, May 13, 2019,[17] because he did not file for review with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Two months later, on August 6, 2019, Dixon signed and submitted to the state trial court an application for post-conviction relief and supporting memorandum asserting the following

---

[13]*Dixon*, 241 So.3d at 514; St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 17-KA-422, 3/14/18.

[14]St. Rec. Vol. 5 of 7, 5th Cir. Order, 17-KA-422, 4/4/18; Application for Rehearing, 17-KA-0422, 3/29/18.

[15]St. Rec. Vol. 2 of 5, Minute Entry, 5/11/18.

[16]*State v. Dixon*, 263 So.3d 415 (La. 2019); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2018-K-0542, 2/11/19; La. S. Ct. Writ Application,, 18-K-542, 4/5/18; St. Rec. Vol. 2 of 7, La. S. Ct. Letter, 2018-K-542, 4/5/18.

[17]The final day fell on Sunday, May 12, 2019, which caused the last day to fall on the next business day, Monday, May 13, 2019.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

grounds for relief:[18] (1) the evidence was insufficient to prove beyond a reasonable doubt all of the elements of possession with intent to distribute heroin; (2) he was denied effective assistance of counsel when counsel failed to include in the motion to reconsider the sentence that he did not have prior violent crimes or weapons violations.

After receiving a response from the district attorney, on May 2, 2018, the state trial court denied relief finding Dixon's first claim procedurally barred as successive under La. Code Crim. P. art. 930.4(C) because it could have been and was not asserted on direct appeal.[19]  The Court also found the second claim barred as not cognizable on post-conviction review under La. Code Crim. P. art. 930.3, *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996), and *State v. Cotton*, 25 So.3d 1030 (La. 2010).  Dixon did not seek state court review of this ruling.

## II.    Federal Petition

On January 27, 2020, after correction of certain deficiencies, the clerk of this Court filed Dixon's federal petition for habeas corpus relief which, when broadly construed, asserted the following grounds for relief:[20] (1) his sentence was excessive and the denial of the motion to reconsider and the remand for resentencing suspended finality and preserved his right to challenge the constitutionality of the excessive sentence for count one, possession with intent to distribute heroin; (2) the evidence was insufficient to support the conviction for count one, possession with intent to distribute heroin; (3) the second trial placed him in double jeopardy for count one, possession with intent to distribute heroin.

---

[18]St. Rec. Vol. 2 of 7, Application for Post-Conviction Relief, 8/9/19 (dated 8/6/19); Memorandum in Support, 8/9/19 (dated 8/6/19).

[19]St. Rec. Vol. 5 of 5, Trial Court Order, 10/28/19; Trial Court Order, 9/3/19; State's Procedural Objections, 9/30/19.

[20]Rec. Doc. No. 4.

On March 10, 2010, the State filed a response in opposition to Dixon's petition asserting that Dixon's first claim is without merit and he failed to exhaust state court review of his second and third claims, placing those claims in procedural default.[21]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this Court no later than January 9, 2020.[23]   The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record establishes that Dixon's petition was timely filed. However, as the State asserts, Dixon failed to exhaust state court review of two of his claims.  The State also suggests that Dixon's claims may now be procedurally barred from further review as he attempts to exhaust.  However, the state court post-conviction review process provides exceptions to the successiveness bar.  *See* La. Code Crim. P. art. 930.4.  For reasons of comity, the state courts

---

[21]Rec. Doc. No. 13.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after April 24, 1996, when it was signed.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after AEDPA's effective date submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Dixon's petition was received and filed by the Clerk of Court on January 13, 2020.  He dated his signature on the form on January 9, 2020.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to a court.

should have the first opportunity to consider any excuse Dixon has to offer to excuse his default and successiveness.  Nevertheless, the record supports the State's conclusion that Dixon failed to exhaust review of his claims, and his petition should be dismissed without prejudice for that reason.

## IV.    **Exhaustion Doctrine**

Broadly construing his arguments, Dixon asserts that, for his conviction for possession with intent to distribute cocaine, his sentence is excessive considering his non-violent criminal history, the evidence was insufficient to support the conviction, and the second trial placed him in double jeopardy on that charge.  As cause for the state court procedural default of his excessive sentence claim, Dixon argues that his counsel was ineffective for failing to argue that point in the motion to reconsider which limited appellate review.  Dixon made a similar claim of ineffective assistance of counsel in his state court post-conviction application which was procedurally barred from review by the state trial court and he did not seek further review of that order.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to *all* of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner.  *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Dixon must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through to the Louisiana Supreme Court in a procedurally proper manner. Dixon exhausted state court review of his excessive sentence claim on direct appeal through to the Louisiana Supreme Court. However, he has not done for his other claims. He did not seek review of the state trial court's post-conviction order procedurally barring review of his insufficient evidence claim and his claim that counsel was ineffective for filing an inadequately supported motion to reconsider the sentence. Although Dixon has not urged a separate ineffective assistance of counsel claim in his federal petition, he would be required to exhaust state court review before he could present the argument as cause for the procedural default of the excessive sentence claim. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). In addition, Dixon has not presented his double jeopardy claim to any state court on appeal or post-conviction review.

Dixon, therefore, did not give all levels of the Louisiana courts the opportunity to address his claims of insufficient evidence, double jeopardy, or ineffective assistance of counsel before pursuing federal habeas corpus relief. He now presents to this Court a "mixed" petition, containing both exhausted and unexhausted claims. The Supreme Court has long required that a "mixed petition" be dismissed without prejudice to allow for complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510); *see also Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

In *Pliler*, the Supreme Court also recognized that, as an alternative to dismissal to allow a petitioner to return to state court to complete exhaustion, the petitioner may choose to amend or resubmit the petition to pursue only properly exhausted claims in the federal district court. *Id*., 542 U.S. at 230-31. While the Court also addressed the availability of a stay-and-abeyance in connection with certain "mixed petitions" for habeas relief,[24] it reiterated the long-standing directive that a mixed petition should be dismissed without prejudice to require complete exhaustion unless good cause exists. *Id*. The record discloses no good cause for Dixon's failure to exhaust review of all of his claims and there is none apparent from the record.

Dixon's federal petition should be dismissed without prejudice to allow him to exhaust available state court review of all of his claims, unless he amends his habeas petition to dismiss the unexhausted claims and present *only* the exhausted excessive sentence claim for further review in this Court. *Pliler*, 542 U.S. at 233; *Whitehead*, 157 F.3d at 387.

---

[24]The Supreme Court has made clear that stay-and-abeyance is an extraordinary remedy <u>not</u> to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," and is appropriate <u>only</u> when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277 (emphasis added). Stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. at 277-78. This case reveals no good cause for Dixon's failure to exhaust properly and does not warrant a stay.

## V.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Dixon's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court review, unless Dixon amends the petition to exclude and/or dismiss the unexhausted claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this <u>7th</u> day of August , 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.