## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CLARENCE EDWIN DIXON,**            **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                           **NO.  20-141**

**SANDY MCCAINE,**                   **SECTION "E"**
    **Defendant**

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Karen Wells Roby, recommending Petitioner Clarence Edwin Dixon's petition for Writ of Habeas Corpus[2] be dismissed without prejudice for failure to exhaust. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

The underlying facts of the crime for which Petitioner was convicted need not be repeated here and are outlined in depth in the state-court opinion and in the Report and Recommendation.[5] The claims that Petitioner raised in his state post-conviction proceedings are crucial to the resolution of the exhaustion issue as determined by the Magistrate Judge.

On February 6, 2015, Dixon and co-defendant, Jenny M. Montecino, were charged in a two-count Bill of Information in Jefferson Parish with possession with intent to

---

[1] R. Doc. 14.
[2] R. Doc. 4.
[3] R. Doc. 19.
[4] R. Doc. 14.
[5] *State v. Dixon*, 241 So.3d 514, 518-19 (La. Ct. App. 2018); R. Doc. 14 at pp. 1/5.

distribute heroin and possession of cocaine.[6] Dixon pleaded not guilty on February 9, 2015.[7] After Dixon's first trial resulted in a mistrial, the government amended the second count to charge him with possession with intent to distribute cocaine.[8] On September 13, and 14, 2016, he was tried before a jury, and found guilty as charged of possession with intent to distribute heroin and guilty of the lesser offense of attempted possession of cocaine.[9] The state trial court sentenced Dixon to serve 50 years in prison on count one with the first 10 years to be served without benefit of parole, probation, or suspension of sentence and two years and six months in prison on count two.[10]

On direct appeal, Dixon's appointed counsel asserted three grounds for relief: (1) the district court erred when it allowed the State to introduce evidence of Dixon's 2010 convictions for simple possession of heroin and cocaine and failed to give contemporaneously a limiting instruction to the jury; (2) the expert testimony of the narcotics agent was not based on professional standards and should have been excluded; (3) the sentences were excessive because the state trial court imposed the maximum and did not consider Dixon's non-violent criminal history.[11]

On March 14, 2018, the Louisiana Fifth Circuit affirmed Dixon's convictions, finding no merit in claim one and that claim two was procedurally defaulted for lack of a contemporaneous objection.[12] The court also found Dixon's excessive sentence claim in part procedurally defaulted and in part meritless.[13] On April 4, 2018, the Louisiana Fifth

---

[6] R. Doc. 14 at p. 1.
[7] *Id.*
[8] *Id.* at p. 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Dixon*, 231 So.3d at 514.
[13] *Id.*

Circuit also denied as untimely the application for rehearing filed by Dixon's counsel.[14] On February 11, 2019, the Louisiana Supreme Court denied Dixon's writ application.[15] Dixon's conviction and sentence became final 90 days later because he did not apply for review with the United States Supreme Court.[16]

Two months later, on August 6, 2019, Dixon signed and submitted to the state trial court an application for post-conviction relief and supporting memorandum asserting the following grounds for relief: (1) the evidence was insufficient to prove beyond a reasonable doubt all of the elements of possession with intent to distribute heroin; (2) he was denied effective assistance of counsel when counsel failed to include in the motion to reconsider the sentence that he did not have prior violent crimes or weapons violations. On October 28, 2019, the state trial court denied relief finding Dixon's first claim procedurally barred as successive because it could have been and was not asserted on direct appeal.[17] The Court also found the second claim barred as not cognizable on post-conviction review.[18] Dixon did not seek state court review of this ruling.

On January 27, 2020, Dixon filed his federal petition for habeas corpus relief which, when broadly construed, asserted the following grounds for relief: (1) his sentence was excessive and the denial of the motion to reconsider and the remand for resentencing suspended finality and preserved his right to challenge the constitutionality of the excessive sentence for count one, possession with intent to distribute heroin; (2) the evidence was insufficient to support the conviction for count one, possession with intent

---

[14] R. Doc. 14 at p. 4.
[15] *Id.*
[16] 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).
[17] La. Code Crim. P. art. 930.3; R. Doc. 14 at p. 5.
[18] R. Doc. 14 at p. 5.

to distribute heroin; (3) the second trial placed him in double jeopardy for count one, possession with intent to distribute heroin.[19]

## ANALYSIS

### A.      Standard of Review

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[20]  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[21]  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[22] The magistrate judge's legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[23]

### B.      Petitioner's Objections

The Magistrate Judge concluded that Dixon had only fully exhausted one of the three claims that he presented in his federal petition.[24] She determined that Dixon had exhausted his excessive sentence claim, but he had not exhausted his insufficient evidence claim nor his claim that his counsel was ineffective.[25] She also noted that Dixon had never

---

[19] R. Doc. 14 at p. 5.
[20] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[21] *Id.* §(b)(1)(A).
[22] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[23] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[24] R. Doc. 14 at p. 8.
[25] *Id.*

presented his double jeopardy claim to any court.[26] As a "mixed" petition of exhausted and unexhausted claims, she recommended that Dixon's petition be dismissed without prejudice to allow Dixon to return to state court and exhaust all of his claims or to amend his petition and refile it with only his exhausted claim.[27]

In response to the Magistrate Judge's findings, Dixon filed objections in which he argues: (1) his sentences exceed the statutory parameters set forth in legislation enacted after the date of the offense; (2) the district court erred in imposing the maximum unconstitutionally excessive sentences on him on both counts; and (3) his conviction and sentence did not become final 30 days after the Louisiana Supreme Court's denial of his writ because he filed a Motion to Reconsider Sentence.[28]

The only issues that Dixon fully argued in his objections were the first and – to some extent – the second issues raised by him.  He did not mention the third issue. In short, Dixon argues that the District Court erred when it applied the old laws to formulate his sentence, and not the new laws. He maintains that the new laws are more lenient because they are meant to reflect a change in policy regarding drug offenses.

As noted by the Magistrate Judge, whether or not Dixon is right, he cannot argue the merits of his excessive sentence claim as long as his federal habeas petition contains two unexhausted claims. Dixon does not address the Magistrate Judge's exhaustion findings at all.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[29] "A federal habeas

---

[26] *Id.*

[27] *Id.*

[28] R. Doc. 19 at p. 7. Dixon did not extrapolate on this argument, listing it only in the Issues for Review. *Id.*

[29] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."[30]

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner.[31] "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.[32] "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."[33] It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court.[34]

The Magistrate Judge was correct when she noted that Dixon did not seek review in the Louisiana Supreme Court of the state trial court's post-conviction order procedurally barring review of his insufficient evidence claim and his claim that counsel was ineffective for filing an inadequately supported motion to reconsider the sentence. Moreover, he never presented any claim of double jeopardy to the state courts. These two claims remain unexhausted. Dixon did not address the exhaustion findings outlined in the Report and Recommendation.

Moreover, Dixon has presented this Court with a "mixed" petition with one exhausted claim and two unexhausted claims. The Supreme Court has long required that

---

[30] *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).
[31] *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).
[32] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).
[33] *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).
[34] *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

a "mixed" petition be dismissed without prejudice to allow for complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510); *see also Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). Dixon did not address this issue either.

In sum, Dixon failed to address the findings in the Report and Recommendation at all. As Dixon has failed to object to the Magistrate Judge's findings, this Court can only review the Report and Recommendation under a clearly erroneous or contrary to law standard.[35] The findings are not clearly erroneous or contrary to law. This Court finds that Dixon's federal petition should be dismissed without prejudice to allow him to exhaust available state court review of all of his claims, unless he amends his habeas petition to dismiss the unexhausted claims and present only the exhausted excessive sentence claim for further review in this Court.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Roby's Report and Recommendation[36] as its own and hereby **DISMISSES** Petitioner's application for relief.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court review, unless he amends his petition to exclude and/or dismiss the unexhausted claims.

**New Orleans, Louisiana, this 22nd day of April, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See* 28 U.S.C. § 636(b)(1)(C).
[36] R. Doc. 14.